*928 On Rehearing.
By the WHOLE COURT.
8T. PAUL, J.
S. R. Morgan &' Co., of Little Rock, Ark., is a partnership, composed of S. R. Morgan and M. B. Morgan, his brother. Tr. No. 1, pp. 86, 199, 148.
The De Ridder Light & Power Company is a corporation existing under the laws of this state, and doing business in Beauregard parish. Tr. No. 2, p. 10. ,
In June, 1919, S. R. Morgan & Co., acquired or “bought the property,” meaning the De Ridder Light & Power (i. e., the whole or a controlling interest in the stock of said conlpany), from T. S. Reed, and gave in (part?) payment therefor their promissory notes for $30,000; which said notes were “handled for collection” by the First National Bank of De Ridder, the county seat of Beauregard, parish (where plaintiff also had its domicile); but same were still due. and unpaid in January, 1920. Tr. No. 1, p. 189.
On June 6, 1919, the directors of the De Ridder Light & Power Oompány met at' De Ridder; T. 8. Reed, aforesaid, being the president, and W. F. McCannon the secretary-treasurer. Directors C. A. Collins, Frank Miller, and C. H. Hendershot resigned, and the following were elected in their stead, to wit: M, B. Morgan, A. (?. Miller, and J. TV. Sanders. Mr. W. F. McCannon resigned as Secretary-treasurer, and M. B. Morgan was elected in his stead. Tr. No. 1, p. 113.
On September 6, 1919, the directors met again. T. ■ S. Reed resigned both as president and as director. Frank Miller, who had previously resigned as director, now resigned as vice president,, and the following were elected: A. G. Miller, president; J. W. Sanders, vice president; 8. R. Morgan, director; W. F. McCannon, who^had previously resigned as secretary-treasurer and had bee'll succeeded by M. B. Morgan, appears at this meeting as a director (but in January was succeeded by A. B. Melchoir). See Tr. No. 1, pp. 113, 114, 81.
On January 18, 1920, the stockholders of the De Ridder Light & Power Company met at De Ridder and elected the following directors, to wit: A. C. Miller, J. W. Sanders, 8. R. Morgan, A. B. Melchoir, and M. B. Morgan. The reports of the manager, A. E. Melchoir, and of the auditor, were received, and “the action of the directors in purchasing a new engine and generator, and making other improvements was approved.” ' M. B. Morgan acted as secretary. Tr. No. 1, p. 81.
I.
On September 2, 1921, plaintiff, the Lumberman’s Bank & Trust Company, of De Ridder, brought suit against the De Ridder Light & Power Company for $10,000 upon two certain promissory notes for $5,000 each, dated respectively March 18, 1921, and June 3, 1921, both maturing 90 days after date, and both indorsed by 8. R. Morgan & Company, aforesaid, through M. B. Morgan; the notes being executed, on behalf of the De Ridder Light & Power Company, by the same M. B. Morgan as “secretary-treasurer” thereof. Tr. No. 1, pp. 62, 75, 77.
To this suit the De Ridder Light & Power Company set tup the following defenses (Tr. No. 1, p. 71):
(a) Because to the knowledge of the said bank any consideration that passed for the execution of the said notes went to S. R. Morgan & Co., one of the said notes having originally been executed in the name of the De Ridder Light & Power Company, the other in the name of S. R. Morgan & Co., and indorsed by M. B. Morgan, but subsequently at the time of renewal of the said notes they were both illegally executed with the De Ridder Light & Power Company as the payer-thereof, whereas in truth and in fact, and to the knowledge of the said bank, the notes were the obligation of $. R. Morgan & Co., and the name of the De Ridder Light & Power Company was illegally' used on the said instruments as an accommodation to S. R. Morgan & Co., your respondent, as before stated, having received no consideration whatever Nfor such illegal transaction.
*930 “(b) Because M. B. Morgan, the alleged secretary and treasurer of respondent corporation had no authority or power to execute,' indorse or in any manner use the name of your respondent on said notes, either as principal, surety or indorser, and his action in so doing was illegal and ultra vires.
“(c) Because respondent specially denies that any provision of its charter, any resolution of the stockholders or board of directors thereof gave the said secretary-treasurer the right to sign or issue for its account bills or notes, but on the contrary the' rules and by-laws of the corporation specially prohibit such secretary-treasurer or any official of the company from so doing.”
The case came to trial on November 4 and 5, 1921 (Tr. No. 1, pp. 124, 125), and the chief witness relied upon by the defendant (De Ridder Light & Power Company) was M. B. Morgan, aforesaid.
The testimony adduced' is not material here. It was all reviewed by the trial judge (Porter) in an opinion of several pages. Tr. No. 1, pp. 127-134; Tr. No. 2, pp. 13-20. The fact that M. B. Morgan was the chief witness for defendant is here referred to for the sole purpose of showing that he testified, in order to support thé defense above set forth, that the notes sued upon (and for which plaintiff afterwards obtained judgment against the De Ridder Light & Power Company) were primarily the debt of S. R. Morgan & Co., tbe indorsers on said notes. The following extract from the opinion of the trial judge will suffice for that purpose:
“Being of opinion that Mr. Morgan failed to show, as he stated, payment of the Reed notes from money loaned defendant company by tie Bank; finding that extensive improvements were in fact made by the defendant company at the time of the two loans; and believing that the deposits were checked out by defendant in the usual course of business — the court finds that the notes sued on were not accommodation notes, but were' given for the consideration therein stated.” Tr. No. 1, p. 132; Tr. No. 2, p. 19.
Judgment was thereupon rendered against the De Ridder Light & Power Company on December 29, 1921, for $.10,000 with attorney’s .fees and interest on each note from its maturity, respectively, June 18,1921, and September 1,' 1921.
II.
From this judgment the De Ridder Light 1 & Power Company did not appeal; and on January 7,1922, a writ of fi. fa. issued, under which the sheriff seized all the property of the De Ridder Light & Power Company.
III.
Meanwhile, to wit, on June 30, 1920, A. G. Miller, president, and M. B. Morgan, secretary-treasurer, executed a deed by which for the sum of $1 and “other .good and valuable consideration,” the De Ridder Light & Power Company sold and conveyed to “Morgan & Co., a corporation organized and existing under and by virtue of the laws of the state of Delaware,” all the property real and personal, claims, franchises, etc., of the De Ridder Light & Power Company;
“it being intended that all property, real, personal and mixed of every kind and character which the party of the first part [De Ridder Light & Power Company] now owns and hold's in the parish of Beauregard, state of Louisi-ana, or elsetohere, shall be included in this conveyance with like effect as though covered and conveyed by specific and apt description.” (Italics ours.)
See Tr. No. 1, pp. 7, 8; Tr. No. 2, pp. 10,11.
This deed was acknowledged on the same day before a notary public of Pulaski county, Ark.
IV.
On September 3, 1920, two months after the De Ridder Light & Power Company had sold out “lock, stock and barrel,” as it were, to Morgan & Co., Inc., S. R. Morgan & Co. wrote to plaintiff as follows:
“Upon instructions of Mr. M. B. Morgah, while passing through here, we are inclosing you herewith note of De Ridder Light & Power Company, dated this -date, in amount of $5,000, for ninety days, in renewal of a note for like *932 amount which you hold maturing this date; we are also inclosing check to your .order for $101, covering discount and revenue stamp on the new note, all of which we trust you will find satisfactory.” Tr. No. 1, p. 92.
As wé have already said, S. R. Morgan & Co., through M. B. Morgan, indorsed the two, notes of the De Ridder Company, dated March 18, 1921, and June 3, 1921.
On June 20, 1921, nearly 12 months after tl;e De Ridder Light & Power Company had divested itself of everything but its name, said company wrote plaintiff from Oakdale, La., as follows:
“As per instructions from our Mr. M. B. Morgan, I am inclosing herewith renewal note in the amount of $5,000 in, payment of note of like amount maturing this date and check in amount of $101 to cover interest and revenue stamps on same.
“We are in receipt of your favor of recent date requesting a reduction on this paper, but due to the present financial conditions it is utterly impossible for us to do so at this time. However if you will accept the inclosed renewal we will endeavor to make á reduction on same at the maturity date.” Tr. No. 1, p. 25.
On June 23, 1921, plaintiff wrote the De Ridder Light & Power Company as follows:
“We have yours of '20th, inclosing note as renewal of your note for $5,000, which was due on the 18th.
“We regret very much that we were forced to return this note to your representative at this place, but owing to instructions from our discounting committee we were unable to renew same. We will, however, renew $2,500 of this provided you put up additional collateral.”
On July 8, 1921, M. B. Morgan wrote plaintiff from Oakdale, La., as follows:
“I just have your letter of June 23d, which was forwarded to me from Oakdale for attention, and although I would be very happy to meet your wishes in regard to reducing this note to $2,500, it is utterly impossible for us to raise the money at this time. I am sure you are aware of the fact that money conditions are even tighter in this part of the country than in your section, and we have been unable for the past several months to raise any money on any kind of collateral.
“I shall be very glad indeed, after reconsidering the matter, if you will find it agreeable to accept this renewal for us, and at its maturity we will make every effort to reduce the note to at least $2,500.”
The record does not contain the answer, if any, of the plaintiff to this letter of July 8th; but the upshot of it was that the note was not renewed, for the note which matured on June 18th was one of the notes sued upon, being the one dated March 18th and payable in 90 days (actually due June 16th).
V.
On August 20, 1920, 12 days before the maturity of the other note (dated June 3d, and payable in 90 days) and nearly 14 months after the execution thereof in Pulaski county, Ark., the deed by which the De Ridder Light & Power Company sold and conveyed all its assets to Morgan & Co., Inc., was recorded in the parish of Beauregard, of which De Ridder is the county seat. Tr. No. 1, p. 9. Tr. No. 2, p. 12, says August 29th.
On September 1st, the note of June 3d matured. On September 2d, the plaintiff brought suit upon both notes.
yi.
During all the 14 months from June 30, 1920, when the De Ridder Light & Power Company conveyed all its property to Morgan & Co., Inc., until August 20, 1921, when the conveyance was put of record in Beauregard parish, and, whilst all these renewals of notes and efforts to renew were going on, the De Ridder Light & Power Company was carrying on business in its own name the same as if it had never parted with its franchise and property, and even offering (in writing) to the town of De Ridder to sell it the plant as a whole; the only change being that Mr. A. E. Melchoir, the manager, removed from De Ridder to Oakdale, and carried on the business there in close communication with M. B. Morgan and J. C. McCarthy the audi *934 tor for S. R. Morgan & Co., and the De Ridder Light & Power Company. Tr. No. 1, pp. 93, 184; Tr. No. 2, pp. 36, 37. And M. B. Morgan was the vice president of Morgan & Co., Inc. Tr. No. 1, p. 5.
VJI.
On Jan. 9, 1922, the sheriff seized the property real and personal which had once been the property of the De Ridder Light & Power Company and advertised it for sale on February 18, 1922. Tr. No. 1, p. 3. But on February 17th, Morgan & Co., Inc., claiming to be the owners thereof by virtue of the deed of June 30, 1920, sued out an injunction, thereby stopping the sale. Tr. No. 1, pp. 1, 136. The petition for injunction was sworn to by M. B. Morgan, as vice president of Morgan & Co., Inc. Tr. No. 1, p. 5.
Thereupon plaintiff filed a rule to dissolve said injunction, and the case ultimately reached this court under the No. 25371 of our docket.
That was the appeal. dealt with by Mr. Justice DAWKINS in the opinion handed down on October 29, 1923.
The opinion speaks for itself, but we direct attention to the last two paragraphs thereof, just preceding the decree, and particularly to the following:
“Defendant nowhere alleges in the motion that the transfer from De Ridder Light & Power Company was a simulation. * * *
“ * * * It may be that nothing further can or will develop, and that the litigants would be willing to submit the case to us upon the record as it now stands. If so, this can be disclosed upon the application for rehearing.”
VIII.
The appeal in No. 25371 had been lodged in this court on May 30, 1922.
On June 16, 1922, plaintiff brought a direct action against Morgan & Co., Inc. (now Republic Power & Service Company, Inc.), and the De Ridder Light & Power Company, to annul, avoid and set aside, and to cancel and erase from the records the “pretended” act of sale of june 30, 1920, by the De Ridder Light & Power Company to Morgan & Co., Inc., upon the following grounds, to wit:
“That, in truth and in fact, no consideration was paid by the said Morgan & Company, Inc. (now Republic Power & Service Company, Inc.), for said property, and no part of said ‘pretended’ sale carried or attempted to be carried into effect; it being a mere sham designed' by both parties thereto for the purpose of enabling the said De Ridder Light & Power Company, Inc., to perpetrate frauds upon its creditors and particularly your petitioner.”
“That no delivery was made or attempted to be made in pursuance of said ‘pretended’ sale; but, on the contrary, all of said property remained, and is now in the possession of the said De Ridder Light & Power Company, Inc., and is being operated, and all business transactions carried on, in the name of the ‘De Ridder Light & Power Company, Inc.’ ”
Both defendants were duly cited, but neither appeared; and on October 4, 1922, a preliminary default was entered, which was duly confirmed and judgment rendered for plaintiff as prayed for on October 28th.
On November 8, 1922, both defendants appealed suspensively and furnished bond therefor in the sum of $5,000, with the United States Fidelity & Guaranty Company as surety thereon; said appeal being lodged in this court on November 30, 1922, under the No. 25700 of its docket.
IX.
So that said appeal No. 25700 was pending before this court when‘the court made its suggestion in the opinion handed down in appeal No. 25371 on October 29, 1923.
Acting upon that suggestion the First National Bank of i)e Ridder (subrogee to plaintiff’s claims) filed its application for a rehearing and prayer for consolidation of the two appeals.
A rule also issued to Morgan & Co. and the De Ridder Light & Power Co. to show *936 cause on Wednesday, January 2, 1924, “why a rehearing should not be granted in case No. 25371, in order that the case may be consolidated with the aforesaid case No. 25700 and have the issues in both cases decided at one and the same time,” which rule was submitted and made absolute, and the two cases were thereupon set down for a rehearing as consolidated cases.
When the cases were called, counsel waived argument, and submitted them on briefs filed and to be filed. Counsel-for the two banks filed their brief in the “consolidated” cases, on February 11, 1924; counsel for Morgan & Co., Inc., filed his brief, also in the “consolidated” cases, on February 29, 1924.
X.
The .two cases having been so “consolidated,” and thus made one, the two transcripts now make -up together one single transcript in the consolidated case, and hence we have not hesitated to gather the facts disclosed by both transcripts and then place them in chronological order as nearly as possible; to the end that they might “speak for themselves” upon the one real issue involved in this case, to wit, whether the deed of June 30, 1920, by which the De Ridder Light & Power Company pretended to convey, for a nominal consideration, all its property, without exception or reservation, to Morgan & Co., and the recordation of that instrument only 14 months afterwards, and on the eve of being sued, the vendor remaining in possession in the meanwhile, does or does not evidence a pure and simple simulation executed for the sole purpose of attempting to put the debtor’s property beyond the reach of its creditors.
And, having thus set out the facts, we conclude that the judgment of the trial judge (Cline) confirming the default as aforesaid was correct, See R. C. C. art. 2480; Cole v. Cole, 39 La. Ann. 878, 2 South. 794; Wolff v. Shreveport Gas, etc., Co., 138 La. 743, 70 South. 789, L. R. A. 1916D, 1138; King v. Atkins, 33 La. Ann. 1057.
But it may not be amiss (having already drawn attention to the close connection between S: R. Morgan & Co., De Ridder Light & Power Co., and Morgan & Co., Inc., and to the activity of M. B. Morgan in obtaining credit for the De Ridder Company, in defending the suit against it and in suing out the injunction on behalf of Morgan & Co., Inc.) to observe in passing that, according to the testimony given by M. B. Morgan, heretofore referred to, the very debt which plaintiff is seeking to collect is his oion debt, whilst as far as we can see from this record he himself is the only visible person having any interest whatever in Morgan & Co., Inc.
XI.
Since the sale by the De Ridder Light & Power Company to Morgan & Co. is a simulation, it follows that the injunction sued out by the latter must be dissolved.
But since the merits of the case have been submitted along with the rule to dissolve, and the injunction dissolved only aftter passing, on the merits, it follows that plaintiff cannot be allowed attorney’s fees for the dissolution of the writ, “for to do so would be to allow the fees virtually for defending the suit on the merits, which is not permissible.” Three Rivers Oil Co. v. Laurence, 153 La. 224, 231, 95 South. 652, 654.
XII;
Counsel for Morgan & Co. makes the point in his brief that “failure to allege and prove vendor’s insolvency, and plaintiff’s inability to otherwise collect the debt, is fatal” to a revocatory action or one en declaration *938 de simulation, citing Hart & Co. v. Bowie, 34 La. Ann. 323.
We think plaintiff has fully proved the insolvency of the De Ridder Company by showing an indebtedness of over $10,000; for, notwithstanding some loose expressions to be found here and there in the jurisprudence, the general rule is that no one is required to prove a negative, and hence no one should be required to prove that another has no property. But, be that as it may, the rule in this state is statutory. R. C. C. art. 1985, reads as follows:
“Art. 1985. By being in insolvent circumstances is meant, that the whole property and credits are not equal in amount, at a fair appraisement, to the debts due by the party. And if he, who alleges the insolvency shows the amount of debts, it is incumbent on the other party to show property to an equal or greater amount. * * * ” (Italics ours.)
Decree.
The judgment herein appealed from under the No. 25700 of this court (No. 1512 of the court below) in the matter entitled Lumberman’s Bank & Trust Co. v. Morgan & Co., Inc., et al., is therefore affirmed.
And the judgment herein appealed from under the No. 25371 of this court (No. 1347 of the court below) entitled Lumberman’s Bank & Trust Co. v. De Ridder Light & Power Co. (In re Morgan & Co., Inc., Intervener and Third Opponent) is affirmed in so far as it dissolves the injunction therein sued out by Morgan & Co., Inc., and reversed in so far as it allows attorney’s fees for the dissolution of said injunction, the demand therefor being now rejected:
It is further ordered that Lumberman’s Bank & Trust Company pay the costs of appeal in No. 25371, and that Morgan & Co., Inc., pay the costs of appeal in No. 25700 and all costs of the lower court in both cases. And the right of all parties to apply for a further rehearing is reserved.